# Exhibit A

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Eastern District of Pennsylvania

| | | |
|---|---|---|
| In re Ex Parte Application of KARAM AL SADEQ, Applicant, for an Order Pursuant to 28 U.S.C. § 1782 to Take Discovery for Use in Foreign Proceedings | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:
Arthur Newbold
160 Grubb Road, Malvern, PA 19355-3504

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See Attachment, Schedule A

| Place: Womble Bond Dickinson (US) LLP 1313 North Market Street, Suite 1200 Wilmington, DE 19801 (Consent to Remote Compliance) | Date and Time: |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

*CLERK OF COURT*

OR

_____          _____
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Applicant Karam Al Sadeq_____ , who issues or requests this subpoena, are:
Joshua Drew, Lauren Briggerman, Kirby D. Behre, Miller & Chevalier Chartered, 900 Sixteenth St. NW, Black Lives Matter Plaza, Washington, DC 20006   (202) 626-5800  jdrew@milchev.com, lbriggerman@milchev.com, kberhe@milchev.com.

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❑ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**SCHEDULE A**

Pursuant to 28 U.S.C. § 1782, Karam Al Sadeq, by and through undersigned counsel, requests that Arthur Newbold produce for inspection each of the documents and tangible things described below at Womble Bond Dickinson (US) LLP, 1313 North Market Street, Suite 1200, Wilmington, DE 19801.

**INSTRUCTIONS**

1.      Prior to answering the following, You are requested to make a diligent search of Your books, records, and papers, with a view to eliciting all information responsive to this subpoena.

2.      If You object to any request on the basis of privilege, please identify the nature of the Documents or Communications being withheld on that basis and the nature of the privilege, as required under Rule 26 of the Federal Rules of Civil Procedure.

3.      If any Document or Communication responsive to this request was, but no longer is, in your possession, state whether it is missing or lost; if it has been destroyed; if it has been transferred, voluntarily or involuntarily, to others; or if it has otherwise been disposed of. In each instance, identify the Document or Communication fully, explain the circumstances, and identify the people having knowledge of such circumstances.

4.      If You contend that any Documents or Communications covered in these requests are not reasonably accessible or would be unduly burdensome to locate or produce, identify such Documents or Communications by category and source and provide detailed information regarding the burden or cost You claim is associated with the search for or production of such Documents or Communications.

5.      To the extent Documents or Communications produced in response to this request include electronic documents, such as spreadsheets or databases, please produce all such

1

documents in native form, ensuring that all formulae and metadata embedded in such documents are produced.

6.    To the extent You do not produce a responsive Document or Communication, You are directed to make and safeguard a copy of the requested information in the event that the parties seek court intervention.

7.    The relevant time period for the following requests shall be from January 1, 2015 until now.

**DEFINITIONS**

1.    The term "Communications" means any oral, written, or electronic transmission of information, including without limitation any face-to-face meetings, letters, emails, text messages (including, but not limited to, Whatsapp and Signal messages), social media messaging, telephone calls, chat rooms, or group list serves.

2.    The term "Document" is intended to be as comprehensive as the meaning provided in Rule 34 of the Federal Rules of Civil Procedure.

3.    The term "Including" means including but not limited to.

4.    The terms "Relate to" or "Relating to" means consisting of, referring to, regarding, reflecting, supporting, prepared in connection with, used in preparation of, or being in any way logically or factually connected with the matter discussed.

5.    "Mr. Al Sadeq" means Karam Salah Al Din Awni Al Sadeq.

6.    "Dr. Massaad" means Dr. Khater Massaad.

7.    "RAK" means the Emirate of Ras Al Khaimah.

8.    "RAKIA" means the RAK Investment Authority.

2

9. "Dechert" means Dechert LLP, a limited liability partnership and any of its agents, employees, partners, associates, and representatives and any affiliates, subsidiaries, or related entities.

10. "Gerrard" means David Neil Gerrard.

11. "Hughes" means David Graham Hughes.

12. "Black" means Caroline Black.

13. "Policy Committee" means the Dechert LLP Policy Committee.

14. The term "You" or "Your" refers to Arthur Newbold and any employees, agents, representatives, subsidiaries, affiliates, assignees, or other persons acting or purporting to act on his behalf.

**DOCUMENTS TO BE PRODUCED**

1.      All Documents and Communications Relating to Mr. Al Sadeq and/or Dr. Massaad, Including Relating to:

     a.      The investigation by Dechert into Mr. Al Sadeq and/or Dr. Massaad;

     b.      The arrest and transfer of Mr. Al Sadeq from Dubai to RAK, Including Dechert's knowledge of and involvement therein;

     c.      The conditions of Mr. Al Sadeq's detention, Including Dechert's knowledge of and involvement therein;

     d.      The interrogation of Mr. Al Sadeq, Including Dechert's knowledge of and involvement therein;

     e.      The physical and mental treatment of Mr. Al Sadeq while detained in RAK, Including Dechert's knowledge of and involvement therein;

     f.      The decision not to charge Mr. Al Sadeq with a crime, Including Dechert's knowledge of and involvement therein;

     g.      The denial of Mr. Al Sadeq's access to legal counsel, Including Dechert's knowledge of and involvement therein;

     h.      Mr. Gerrard's and Dechert's statements regarding their involvement in the treatment of Mr. Al Sadeq, including contradictory statements made to courts;

     i.      Dechert's media campaign and all statements Regarding Mr. Al Sadeq;

     j.      The hacking of Mr. Al Sadeq, his family, his attorneys, and others, Including the hiring by Dechert of any individuals previously or subsequently accused of hacking;

4

k.  Meetings or discussions of Dechert's Policy Committee or Dechert firm management Regarding Mr. Al Sadeq, Dr. Massaad, or any of the allegations in the claim; and

l.  Communications by Dechert to any third party, including government agencies, regarding Mr. Al Sadeq and/or Dr. Massaad.

5